UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DEEVAUDA J. RUSS,<br><br>    Plaintiff,<br>v.<br><br>NIAGARA RESTITUTION SERVICES, INC.,<br><br>    Defendant. | Case No. 5:19-cv-00220-FB<br><br>Hon. Judge Fred Biery |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENTAGAINST
NIAGARA RESTITUTION SERVICES, INC. ON A SUM CERTAIN**

NOW comes DEEVAUDA J. RUSS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman") and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, requesting that this Honorable Court enter a Default Judgment against NIAGARA RESTITUTION SERVICES, INC ("Defendant") and in support thereof, stating as follows:

1. On March 7, 2019, Plaintiff filed her Complaint for Relief Pursuant to the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and the Texas Debt Collection Act ("TDCA") against Defendant. The basis of Plaintiff's Complaint is that Defendant violated the FDCPA, TCPA and TDCA through its collection activities. Chiefly, Plaintiff alleges that Defendant engaged in impermissible collection activity including, but not limited, to placing incessant phone calls to Plaintiff's cellular phone using an Automated Telephone Dialing System and threatening to garnish her wages and seize her property if she did not make a payment to it.

2. On March 26, 2019, Michael Hadden, a process server, effectuated service on Defendant by serving Yamal Ramirez, the Chief Executive Officer of the Defendant, at its principal executive office.

3. On April 16, 2019, Defendant's time to answer or otherwise plead elapsed.

4. On April 17, 2019, after Defendant failed to answer or otherwise plead, Plaintiff caused to be filed a Motion for Entry of Default. Attached to the Motion for Entry of Default was an affidavit signed by the undersigned counsel attesting that service had properly been effectuated and Defendant was not in member of a protected category. A copy of Plaintiff's Motion for Entry of Default was mailed, faxed, and emailed to Defendant.

5. On April 17, 2019, this Honorable Court granted an Entry of Default against Defendant

6. Having gained an Entry of Default against Defendant, Plaintiff now moves this Honorable Court to enter a Default Judgment on a Sum Certain against Defendant and in favor of Plaintiff.

7. Defendant is aware of the instant proceedings and has willfully chosen not to formally enter the case despite proper service.

8. Plaintiff seeks statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and 47 U.S.C. §§ 227(b)(3)(B)&(C) as well as payment of his costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3) and Tex. Fin. Code Ann. § 392.403(b).

STATUTORY DAMAGES

1. Plaintiff seeks statutory damages of the maximum allowed under the FDCPA, $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A). Based on Defendant's conduct, Plaintiff believes this Honorable Court should not hesitate to impose liability on Defendant to the fullest extent of the law. Defendant's conduct displays a reckless disregard for the law. Defendant violated many of the hallmarks of the FDCPA, including threating to garnish Plaintiff's income and seize her property.

2. Plaintiff further seeks statutory damages under the TCPA of $10,000.00 pursuant to 47 U.S.C. §§227(b)(3)(B)&(C). Defendant placed *at least* 20 collection calls to Plaintiff after her requests that it stop using an Automated Telephone Dialing System. The TCPA allows for statutory damages of between $500 - $1,500 per call. Plaintiff's request is the minimum she is entitled to by statute.

10. Defendant has clearly demonstrated a lack of respect for the law and legal process. It has had clear notice of this lawsuit. Rather than participate in the legal process, Defendant has willfully chosen not to participate and as such has waived its right to be given any benefit by this Honorable Court.

### ATTORNEY FEES AND COSTS

3. Plaintiff seeks $4,372.90 in reasonable attorney fees and costs pursuant to 15 U.S.C. §1692k(a)(3) and Tex. Fin. Code Ann. § 392.403(b). *See* attached Exhibit A is a true and correct itemization of Plaintiff's reasonable attorney fees and costs and attached Exhibit B is a true and correct copy of an affidavit endorsed by the undersigned.

WHEREFORE, Plaintiff DEEVAUDA J. RUSS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Entering a Default Judgment against NIAGARA RESTITUTION SERVICES, INC and in favor of Plaintiff;

b. Awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against NIAGARA RESTITUTION SERVICES, INC. and in favor of Plaintiff;

c. Awarding Plaintiff statutory damages of $ 10,000.00 pursuant to 47 U.S.C. §227(b)(3)(A) against NIAGARA RESTITUTION SERVICES, INC. and in favor of Plaintiff

d. Awarding Plaintiff $4,372.90 in costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3) and Tex. Fin. Code Ann. § 392.403(b) against NIAGARA RESTITUTION SERVICES, INC. and in favor of Plaintiff;

e. Allowing judgment interest to be added; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 18, 2019                    Respectfully submitted,

                                                    s/ Nathan C. Volheim
                                                   Nathan C. Volheim, Esq. #6302103
                                                   Counsel for Plaintiff
                                                   Admitted in the Western District of Texas
                                                   Sulaiman Law Group, Ltd.
                                                   2500 Highland Avenue, Suite 200
                                                   Lombard, Illinois 60148
                                                   (630) 568-3056 (phone)
                                                   (630) 575-8188 (fax)
                                                   nvolheim@sulaimanlaw.com


## **CERTIFICATE OF SERVICE**

       The undersigned, one of the attorneys for Plaintiff, certifies that April 1, 2019, he caused a copy of the foregoing PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST NIAGARA RESTITUTION SERVICES, INC.ON A SUM CERTAIN, to be served by U.S. Certified mail, fax and electronic mail postage prepaid, on:

Niagara Restitution Services, Inc.
550 Fillmore Avenue, Suite 2
Tonawanda, New York 14150
nrservice-support@live.com
Fax: (716) 260-2026

Niagara Restitution Services, Inc.
1349 Caracelle Drive
Niagara Falls, New York 14304

Niagara Restitution Services, Inc.
Attention: Yamal Ramirez
4246 Ridge Lea Road, Suite 47
Amhurst, New York 14226


                                                                         s/ Nathan C. Volheim
                                                                         Nathan C. Volheim, Esq.